

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ SEP 1 0 2014 ★
BROOKLYN OFFICE

TJS:AHT
F. #2014R01454/OCDETF #NYNYE638

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

   - against -

HAROLD HUMBERTO GIL-MEJIA and
JORGE HUMBERTO GIL-ARANA,
     also known as "Tio" and "Guarin,"

         Defendants.

- - - - - - - - - - - - - - - -X

I N D I C T M E N T

Cr. No. **CR 14 - 00482**

(T. 21, U.S.C., §§ 853(a), 853(p), 959(c),
960(b)(1)(B)(ii) and 963; T. 18, U.S.C.,
§§ 3238 and 3551 et seq.)



COGAN, J.

POLLAK, M.J

THE GRAND JURY CHARGES:

INTERNATIONAL COCAINE DISTRIBUTION CONSPIRACY

    1.    In or about and between January 2006 and December 2013, both

dates being approximate and inclusive, within the extraterritorial jurisdiction of the United

States, the defendants HAROLD HUMBERTO GIL-MEJIA and JORGE HUMBERTO

GIL-ARANA, also known as "Tio" and "Guarin," together with others, did knowingly

and intentionally conspire to distribute a substance containing cocaine, a Schedule II

controlled substance, intending and knowing that such substance would be unlawfully

imported into the United States from a place outside thereof, contrary to Title 21, United

States Code, Sections 959(a) and 960(a)(3).  The amount of cocaine involved in the

conspiracy attributable to the defendants as a result of their conduct, and the conduct of

other conspirators reasonably foreseeable to them, was at least five kilograms of a substance containing cocaine.

(Title 21, United States Code, Sections 963, 959(c) and 960(b)(1)(B)(ii); Title 18, United States Code, Sections 3238 and 3551 et seq.)

### CRIMINAL FORFEITURE ALLEGATION

2.      The United States hereby gives notice to the defendants that, upon their conviction of the offense charged in this Indictment, the government will seek forfeiture in accordance with Title 21, United States Code, Section 853(a), which requires any person convicted of such offense to forfeit any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such offense, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of such offense.

3.      If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(a)  cannot be located upon the exercise of due diligence;

(b)  has been transferred or sold to, or deposited with, a third party;

(c)  has been placed beyond the jurisdiction of the court;

(d)  has been substantially diminished in value; or

(e)  has been commingled with other property which cannot be divided without difficulty;

2

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p),

to seek forfeiture of any other property of the defendants up to the value of the forfeitable

property described in this forfeiture allegation.

(Title 21, United States Code, Sections 853(a) and 853(p))

A TRUE BILL

FOREPERSON

LORETTA E. LYNCH
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

BY:_____
ACTING UNITED STATES ATTORNEY
PURSUANT TO 28 C.F.R. 0.136

3

*No.*

# UNITED STATES DISTRICT COURT

## EASTERN *District of*  NEW YORK

## CRIMINAL   DIVISION

## THE UNITED STATES OF AMERICA

*vs.*

**HAROLD HUMBERTO GIL-MEJIA AND JORGE HUMBERTO GIL-ARANA,
ALSO KNOWN AS "TIO" AND "GUARIN,"**
Defendant.

# INDICTMENT

(T. 21, U.S.C., §§ 853(a), 853(p), 959(c), 960(b)(1)(B)(ii) and 963; T. 18, U.S.C.,
§§ 3238 and 3551 et seq.)

*A true bill.*

_Andrea Mac Milllam-Puchese_

*Foreman*

*Filed in open court this _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ day,*

*of _ _ _ _ _ _ _ _ _ _ _ A.D. 20 _ _ _ _ _*

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

*Clerk*

*Bail, $ _ _ _ _ _ _ _ _ _ _ _*

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

**Amir H. Toossi, Assistant United States Attorney, (718) 254-6176**